UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN COGAN and ELIZABETH COGAN,

                         Plaintiffs,                                16-CV-02109 (SJF)(SIL)

            -against-                                               **REPLY TO**
                                                                   **COUNTERCLAIMS**
WALTER KISSINGER, WILLIAM KISSINGER,
THOMAS KISSINGER, DANA KISSINGER,
JOHN KISSINGFORD F/K/A JOHN KISSINGER,
and THE ESTATE OF EUGENIA KISSINGER,

                         Defendants.
-------------------------------------------------------------X

     Plaintiff, Kevin Cogan and Elizabeth Cogan ("Plaintiffs") by their attorneys, Ruskin

Moscou Faltischek, P.C., as and for their Reply to defendant Walter Kissinger's Answer and

Counterclaims ("Counterclaims") alleges as follows:

### AS AND FOR PLAINTIFFS' RESPONSES TO THE FIRST COUNTERCLAIM

    1.    Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "1" of the First Counterclaim.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "2" of the First Counterclaim.

    3.    Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "3" of the First Counterclaim.

    4.    Deny the allegations contained in paragraph "4" of the First Counterclaim, except

admit that a default judgment was entered against Kevin Cogan in the Supreme Court, County

of Nassau.

    5.    Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph "5" of the First Counterclaim, except admit that Walter and/or Eugenia

641135

Kissinger resided at 1 Lower Drive, Huntington Bay, NY from November 2007 through mid-2014.

6.      Deny the allegations contained in paragraph "6" of the First Counterclaim, except admit that Plaintiffs' employment with the Defendants commenced on November 17, 2007, and that prior to that, they had resided at more than one (1) location.

7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the First Counterclaim.

8.      Deny the allegations contained in paragraph "8" of the First Counterclaim, except admit that Elizabeth Cogan was engaged by Mr. Kissinger and/or Mrs. Kissinger to perform multiple services for the benefit of Mr. Kissinger and/or Mrs. Kissinger as set forth in the Complaint.

9.      Deny the allegations contained in paragraph "9" of the First Counterclaim, except admit that Kevin and Elizabeth Cogan each were engaged by Mr. Kissinger and/or Mrs. Kissinger to perform multiple services for the benefit of Mr. Kissinger and/or Mrs. Kissinger as set forth in the Complaint.

10.     Deny the allegations contained in paragraph "10" of the First Counterclaim.

11.     Deny the allegations contained in paragraph "11" of the First Counterclaim, except admit Plaintiffs resided in the cottage free of rent or utilities.

12.     Deny the allegations contained in paragraph "12" of the First Counterclaim, except admit that for the period of September through December 2012, Elizabeth Cogan provided care to Mrs. Kissinger and was compensated for some, but not all, of her services at the rate of $15.00 per hour, and for the period April through June 2014, Elizabeth assisted Mr. Kissinger and was compensated for some, but not all, of her services at the rate of $15.00 per

2

hour.

13.     Deny the allegations contained in paragraph "13" of the First Counterclaim, except admit that Mr. and Mrs. Kissinger sometimes traveled.

14.     Deny the allegations contained in paragraph "14" of the First Counterclaim.

15.     Deny the allegations contained in paragraph "15" of the First Counterclaim.

16.     Deny the allegations contained in paragraph "16" of the First Counterclaim, except admit that the cottage was in disrepair since the time that the Plaintiffs moved in as specifically set forth in the Complaint.

17.     Deny the allegations contained in paragraph "17" of the First Counterclaim.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the First Counterclaim as to what a family friend allegedly observed, and deny the remaining allegations contained in paragraph "18" of the First Counterclaim, except admit that the cottage was in a state of disrepair since the time that the Plaintiffs moved in as alleged in the Complaint.

19.     Deny the allegations contained in paragraph "19" of the First Counterclaim.

20.     Deny the allegations contained in paragraph "20" of the First Counterclaim, except admit that Mrs. Kissinger passed away in early 2014.

21.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the First Counterclaim as to what a family friend allegedly noticed, and deny the remaining allegations contained in paragraph "21" of the First Counterclaim.

22.     Deny the allegations contained in paragraph "22" of the First Counterclaim, except admit that a service was brought in to sand floors and make certain repairs, and a

3

cleaning service was brought in to clean from floor sanding and sheetrock so that the premises could be staged and marketed for sale.

23.    Deny the allegations contained in paragraph "23" of the First Counterclaim.

24.    Deny the allegations contained in paragraph "24" of the First Counterclaim, except admit that Plaintiffs allege in the Complaint that they were not compensated as required by New York State and Federal Law, and that during the seven (7) years that they performed services for Mr. and Mrs. Kissinger, they received one (1) restaurant gift card and two (2) cash payments totaling $500 as gifts.

25.    Deny the allegations contained in paragraph "25" of the First Counterclaim, except admit that Plaintiffs received $10,000 as and for moving expenses at the time that they moved from the premises.

26.    Deny the allegations contained in paragraph "26" of the First Counterclaim, except admit that Plaintiffs named Walter Kissinger, William Kissinger, Thomas Kissinger, Dana Kissinger, John Kissingford f/k/a John Kissinger, and The Estate of Eugenia Kissinger as defendants in this action.

27.    Deny the allegations contained in paragraph "27" of the First Counterclaim.

## AS AND FOR PLAINTIFFS' RESPONSES TO THE SECOND COUNTERCLAIM

28.    Repeat and reallege each and every response in paragraphs "1" to "27" of the Plaintiffs' Responses to the First Counterclaim as if more fully set forth at length herein.

29.    Deny the allegations contained in paragraph "29" of the Second Counterclaim, except admit that the Plaintiffs had an oral agreement with the defendants by which they were not to pay any rent or utilities.

30.    Deny the allegations contained in paragraph "30" of the Second Counterclaim.

641135

31.     Deny the allegations contained in paragraph "31" of the Second Counterclaim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Fails to State a Claim)

32.     Defendant's claims must be dismissed because each fails to state a claim upon which relief may be granted against Plaintiffs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

33.     Defendant's claims are barred in whole or in part by the applicable Statutes of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands/Laches/Estoppel)

34.     Defendant's claims are barred in whole or in part by unclean hands, laches and estoppel.

WHEREFORE, Plaintiffs, Kevin Cogan and Elizabeth Cogan, respectfully request that the Court enter a judgment dismissing Defendant's Counterclaims in their entirety, granting Plaintiffs the relief requested in the Complaint, and awarding Plaintiffs the costs, disbursements and attorney's fees of this action, together with such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
      June 29, 2016

                    RUSKIN MOSCOU FALTISCHEK, P.C.
                    *Attorneys for Plaintiffs*

By: _____
                    MICHAEL S. AMATO
                    East Tower, 15th Floor
                    1425 RXR Plaza
                    Uniondale, NY 11556-1425
                    (516) 663-6600

641135